DEBORAH SMITH
Acting United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL ALFRED BRIERE,<br><br>　　　　　　Defendant. | Case No. 3:05-cr-0053-JWS<br><br>GOVERNMENT'S SENTENCING MEMORANDUM AND MOTION FOR ACCEPTANCE OF RESPONSIBILITY POINTS |

　　　The United States by Assistant United States Attorney Audrey J. Renschen, hereby submits this memorandum for the Imposition of Sentence hearing presently scheduled for Wednesday, June 7, 2006, at 8:00 a.m.

On March 23, 2006, the defendant pled guilty to the entire Indictment, which charged him with seven counts of Wire Fraud in violation of 18 U.S.C. § 1343. There are no plea or sentencing agreements in this case.

The United States agrees with the findings set forth in the Presentence Report, except as to child support restitution, which is addressed below. The Defendant merits an offense level of 14, a criminal history level I, and a sentencing range of 15-21 months.

The United States is moving for acceptance of responsibility points under U.S.S.G. § 3E1.1(b), and currently recommends that Mr. Briere receive the full 3 point reduction for acceptance of responsibility.

**The Recommendation**

The United States is recommending **a mid-range sentence of 18 months** imprisonment, and **a supervised release period of 3 years**, and **restitution of $62,460.03.**

**One Issue Remains Unresolved in the Sentencing Guidelines Calculation**

The defense contests the Presentence Report writer's two-point upward adjustment under U.S.S.G. §2B1.1(b)(9), for the offense involving sophisticated

means.  The government maintains the Presentence Report writer is correct in her calculation, and that the defendant's argument is both factually and legally flawed.

The defendant's sentencing memorandum argues that his conduct did not involve sophisticated means, but relies on factual information about the currently available software, rather than on the software he used in defrauding the Music Man. Briere's statement to Special Agent Alan Vanderploeg (attached Exhibit A), Briere outlined how he installed the software on several computers, how for each transaction he created a text file that the software could read, how he manually entered each "refund" transaction and selected random dates and amounts to avoid detection.

While the improved and updated version of the software exhibited in defendant's brief may be simpler to use, it is not what Briere was using.  It is important to remember the context of Briere's operation: he was hired for his computer skills and paid $50 an hour to set up this program to automate the business and electronically bill customer's credit cards for their monthly rentals of musical instruments.  The software was obviously not something the Music Man employees could set up on their own.  It required the expertise of someone like Briere, who specialized in computers, and knew how to install and set up software

programs, how to use them, and how to change their functions to meet his own needs. It was that expertise that Briere used to accumulate his wealth of over $60,000 in 13 months. That expertise enabled Briere to execute and conceal his theft from both the credit card companies and the Music Man. That expertise merits a "sophisticated means" adjustment under the Sentencing Guidelines.

**The 18 U.S.C. 3553(a) Factors Warrant a Sentence of 18 Months**

The defendant's sentencing memorandum quickly glossed over his previous Theft conviction. However, that conduct merits more careful examination in the context of his current crimes. Although the conduct is somewhat dated, his prior thefts demonstrate that Briere's history and character are not as benign as he represents.

**Briere Violated His Responsibility to Employers Who Trusted Him**

In both his earlier thefts, and his current crimes, Briere was is a position of trust, in which people openly trusted him with their funds. The 1989 thefts victimized a wheelchair-bound man who hired Briere as a nurse. Briere stole and cashed at least four of the victim's personal checks, and collected almost $1,400 in the process.

Here, Briere was again in a position of trust. He was hired by a musician, to act as a computer expert, and again manipulated his position of trust to take personal advantage of the vulnerabilities of his employer. That repeated conduct, even though separated in time, is a pattern that cannot be ignored.

The Sentencing Guidelines do not consider the prior conviction because it is more than ten years ago, but this court can and should consider the recurring nature of the conduct, as well as Briere's history and character, as factors under 18 U.S.C. 3553(a).

**Briere Made Repeated Choices to Continue Stealing**

Although Briere appears to have been remorseful about his conduct both then and now, his remorse was never evident until he was apprehended. Both his theft conviction and his wire fraud convictions were not single events, but involved ongoing conduct. Briere forged and cashed four checks stolen from his wheelchair-bound victim. Briere paid himself "refunds" 76 times, and stole over $60,00 from the Music Man. If he was truly remorseful about his conduct, Briere could have self-arrested his thefts at any time in the beginning of those crimes, or even in the middle. He did not. He did not stop until his theft was discovered.

**Briere Runs from His Problems**

Briere's pattern of conduct in both series of crimes was to hit and run. In Tucson, Briere forged and cashed the victim's checks and left town without anyone knowing where he was going. Presentence Report p. 13. In Anchorage, Briere collected electronic payments until he could no longer process his "refunds", then he left town and thereafter intentionally kept a low profile. That hit and run pattern undermines Briere's self-reported remorse for his crimes, and instead demonstrates remorse *for being caught*.

**Conclusion**

Briere's repeated conduct of breaching trust and hitting and running reflect crimes that are serious and planned. Accordingly, Briere's punishment should be more serious. The minimal sentence Briere is requesting will undermine respect for the law, and will not afford his vulnerable victims, or the community a sense of just punishment for his offenses.

Briere's crimes are serious. They were extensive in their quantity ($62,460.03) and length (76 transactions over 13 months). A correspondingly serious sentence of 18 months, 3 years supervised release, and restitution of

$62,460.03, is an appropriate response under both the Sentencing Guidelines and the 18 U.S.C. 3553(a) factors.

      RESPECTFULLY SUBMITTED THIS 1st day of June, 2006 at Anchorage, Alaska.

      DEBORAH M. SMITH
Acting United States Attorney

s/ Audrey J. Renschen
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: audrey.reschen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2006 a copy of the foregoing was served electronically on Sue Ellen Tatter.

s/ Audrey Renschen